**Shaka Zulu ACOOLLA, a/k/a Thomas Jackson, Plaintiff—Appellant,**

v.

**Ron ANGELONE, in his individual and official capacities; Gene Johnson, in his individual and official capacities; D.J. Armstrong, in his individual and**

official capacities; Lewis B. Cei, in his individual and official capacities; D. Mills, in his individual and official capacities; Virginia State Board of Corrections, sued in their individual and official capacities; L.W. Huffman, sued in his individual and official capacities; D.A. Braxton, sued in his individual capacity; B.J. Wheeler, sued in his individual capacity; SGT. Pierotti, sued in his individual capacity; G.K. Washington, sued in his individual and official capacities; Seay, sued in his individual and official capacities; M.E. Hankins, sued in his individual and official capacities; R.T. Francis, sued in his individual and official capacities; R.L. Addams, sued in his individual and official capacities; B. Booker, sued in his individual and official capacities; C. Wingfield, sued in his individual and official capacities; L.T. Edmonds, sued in his individual and official capacities; D.H. Lewis, sued in his individual and official capacities; Catron, sued in his individual and official capacities; K. Harrison, sued in his individual and official capacities; Terry, sued in his individual and official capacities; T.E. Briggs, sued in his individual and official capacities; L.M. Saunders, sued in his individual and official capacities; L.R. Day, sued in his individual and official capacities; T.T. Redman, sued in his individual and official capacities; D. Pultz, sued in his individual and official capacities; T. Lawhorn, sued in his individual and official capacities; Deoly, sued in his individual and official capacities; G.S. Defibaugh, sued in his individual and official capacities; T.C. Rovelli, sued in his individual and official capacities; Maddox, sued in his individual and official capacities; R.D. Banks, sued in his individual and official capacities; R.D. Boyers, sued in his individual and official capacities; M. Peters, sued in his individual and official capacities; P. Massie, sued in his individual and official capacities; Harlow, sued in his individual and official capacities; V.S. Gray, a/k/a S. Gray, sued in his individual and official capacities; T.A. Martin, sued in his individual and official capacities; Newcombs, sued in his individual and official capacities; Cash, sued in his individual and official capacities; Enurian, sued in his individual and official capacities; Mauzy, sued in his individual and official capacities; R.F. Wilson, sued in his individual and official capacities; R.A. Young, sued in his individual and official capacities; L.W. Jarvis, sued in his individual and official capacities; P.E. Maddox, sued in his individual and official capacities; V.J. Bandy, sued in his individual and official capacities; K.A. Polinsky, sued in his individual and official capacities; C.A. Hollar, sued in his individual and official capacities; R.S. Jackson, sued in his individual and official capacities; Pires, sued in his individual and official capacities; L. Davenport, Defendants—Appellees.

No. 04–7046.

United States Court of Appeals, Fourth Circuit.

Submitted: Oct. 25, 2004.

Decided: Dec. 7, 2004.

Shaka Zulu Acoolla, Appellant pro se.

Pamela Anne Sargent, Assistant Attorney General, Richmond, Virginia, for Appellees.

**466**

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shaka Zulu Acoolla seeks to appeal the district court's order continuing the stay of his appeal. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed.R.Civ.P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The order Acoolla seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*